UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEONOR SARABIA-RAMIREZ,<br><br>Defendant. | No. 1:14-cr-00226-DAD-BAM<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS PETITIONERS' ANCILLARY PETITION<br><br>(Doc. No. 165) |

Ancillary petitioners Pete Herrera and Lupe Herrera's (collectively, "petitioners") have asserted an interest in approximately $88,700.00 in U.S. currency (the "subject currency") seized as a result of defendant Leonor Sarabia-Ramirez forfeiting her interest in the subject currency. (Doc. No. 146; *see also* Doc. No. 165 at 4–5.) Before the court is the government's motion to dismiss petitioners' ancillary petition. (Doc. No. 165.) A hearing on the motion was held on March 25, 2019. Attorney Erin Sales appeared on behalf of the government. No appearance was made on behalf of petitioners. The court has reviewed the ancillary petition and has considered the government's motion and oral arguments, and for the reasons set forth below, will grant the government's motion to dismiss with leave to amend.

On July 11, 2018, petitioners filed a *pro se* document with the court claiming an interest in the subject currency. (Doc. No. 146.) In that filing, which the court will liberally construe as

an ancillary petition, petitioners aver that they "have legal rights, title, and interest in the aforementioned property." (*Id.* at 1.) Petitioners represent in their filing that the subject currency is their "life time savings" and "nest egg" and that they "have worked all [their] lives to earn the money." (*Id.*) The filing states that petitioner Pete Herrera is a retired ironworker and that petitioner Lupe Herrera used to be the lead dispatcher for the City of Madera, California. (*Id.*) Petitioners assert that they "have [a] right to have [their] money back as human beings and US citizens." (*Id.*)

The petitioners' filing with the court fails to comport with 21 U.S.C. § 853(n), which requires a person "asserting a legal interest in property which has been ordered forfeited to the Unites States" to "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2).

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3). Here, although signatures from both petitioners appear on their submission, it is not signed by either petitioner under penalty of perjury. (*See* Doc. No. 146); *see also United States v. Aitken*, No. 2:09-CR-0097, 2010 WL 2951171, at *2 (D. Nev. July 22, 2010) ("Petitioners have failed to sign the petition under penalty of perjury. Such a failure warrants dismissal.") (citing *United States v. Commodity Account No. 549 54930,* 219 F.3d 595, 597 (7th Cir. 2000) ("[V]erification is an essential element of any claim because of the substantial danger of false claims. Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse."))

Moreover, here the petitioners' filing fails to "set forth the nature and extent of [petitioners'] right, title, or interest in the property, [or] the time and circumstances of the petitioner[s'] acquisition of the right, title, or interest in the property." 21 U.S.C. § 853(n)(3). Petitioners general and conclusory allegations that the subject currency constitutes their live

2

savings is insufficient in this regard.  *See United States v. Hailey*, 924 F.Supp.2d 648, 658 (D.Md.2013) (holding that "[c]onclusionary allegations of ownership and purchase with funds from employment [are] insufficient under § 853(n)(3)").  "[T]he law requires more than a bare assertion of legal title to establish the nature and extent of petitioner's right, title or interest in the subject property." *United States v. Edwards,* Crim. No. 06–50127–01, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007).

     Accordingly, the court will grant the government's motion to dismiss petitioners' ancillary petition.  However, in light of petitioners' *pro se* status, the court will dismiss the petition with leave to amend.  Any amended petition that petitioners elect to file shall be filed within twenty-one (21) days of the issuance of this order.  If petitioners fail to file with the court an amended petition within the allotted time, neither will thereafter be permitted to file another petition and a Final Order of Forfeiture will be issued.  Should petitioners elect to file an amended petition within the time provided above, that petition shall:  (1) be **signed by each petitioner under penalty of perjury**; and (2) **provide facts setting forth the nature and extent of petitioners' right, title, or interest in the subject currency**, as well as the time and circumstances of their acquisition of the right, title, or interest in the subject currency.  These facts can include, among others:  how petitioners acquired a right, title, or interest in the subject currency; the time of any such acquisition; or how either petitioner's claim to an interest in the currency is connected to the criminal charges brought against defendant Leonor Sarabia-Ramirez's and her agreement to forfeit that currency in those criminal proceedings.

IT IS SO ORDERED.

Dated:  **April 3, 2019**

                                                UNITED STATES DISTRICT JUDGE